| | |
|---|---|
| 1 | Richard K. Grosboll, State Bar No. 099729 |
| | Eileen M. Bissen, State Bar No. 245821 |
| 2 | NEYHART, ANDERSON, FLYNN & GROSBOLL |
| | 369 Pine Street, Suite 800 |
| 3 | San Francisco, CA  94104 |
| | Tel.    (415) 677-9440 |
| 4 | Fax    (415) 677-9445 |
| | Email: ebissen@neyhartlaw.com |

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRICAL INDUSTRY SERVICE BUREAU, INC.; NORTHERN CALIFORNIA ELECTRICAL WORKERS PENSION TRUST; SAN FRANCISCO ELECTRICAL INDUSTRY APPRENTICESHIP AND TRAINING TRUST; ELECTRICAL WORKERS HEALTH AND WELFARE TRUST; NATIONAL ELECTRIC BENEFIT FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 6 VACATION FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 6; and  TIM DONOVAN  as Trustee of each of the Plaintiff Trust Funds except the National Electrical Benefit Fund and as agent for Plaintiff National Electrical Benefit Fund, | Case No.   12-cv-5663 EMC  **PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT**  ORDER REESETTING CMC  Date:    February 7, 2012  Time:    9:00 a.m.  Court:   Courtroom 5, 17th Floor  450 Golden Gate Ave. SF, CA  Judge:   Hon. Edward M. Chen |
| Plaintiffs, v. | |
| F. CONNOLLY CO., a California corporation; | |
| Defendant. | |

INTRODUCTION

This is an ERISA collections case. Plaintiffs allege that Defendant has failed to pay fringe benefit contributions due for the time period of June 2012 through the present, resulting in liquidated damages and collection costs, as well as attorneys' fees and interest.

Plaintiff files this case management conference statement on their behalf only and not jointly with Defendant, because <u>Defendant has yet to appear in this action. Defendant's deadline to answer the Complaint is February 4, 2013.</u> (See, Dckt. # 11.)

1. <u>Jurisdiction and Service</u>: This is an ERISA collection action, and as such, this Court has jurisdiction pursuant to 29 U.S.C. §§ 1132 and 1145. Defendant was served on or about January 13, 2013.

2. <u>Facts:</u> This case concerns the nonpayment of mandatory fringe benefit contributions by Defendant F. CONNOLLY CO., a California corporation to Plaintiffs ELECTRICAL INDUSTRY SERVICE BUREAU, INC.; NORTHERN CALIFORNIA ELECTRICAL WORKERS PENSION TRUST; SAN FRANCISCO ELECTRICAL INDUSTRY APPRENTICESHIP AND TRAINING TRUST; ELECTRICAL WORKERS HEALTH AND WELFARE TRUST; NATIONAL ELECTRIC BENEFIT FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 6 VACATION FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 6; and TIM DONOVAN as Trustee of each of the Plaintiff Trust Funds except the National Electrical Benefit Fund and as agent for Plaintiff National Electrical Benefit Fund (hereafter referred to collectively as "Plaintiffs" and/or the "Trusts") are multi-employer employee benefit plans. Employers make contributions to the Trusts pursuant to the terms of their collective bargaining agreements with

Plaintiff LOCAL 6 of the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO.

Plaintiffs allege Defendant has failed to pay contributions in the amount of $24,508.73 for the period of June 1, 2012 through November 30, 2012. Plaintiffs bring suit to recover the unpaid or underpaid contributions, as well as liquidated damages, collection costs, interest, and attorneys' fees, as provided for in the collective bargaining agreement and applicable Trust agreement(s).

3. <u>Legal Issues</u>: The principal legal issue in this case is whether Defendant is required to pay the fringe benefit contributions, liquidated damages, collection costs, interest, and attorneys' fees Plaintiffs allege are due and owing.

4. <u>Motions</u>: If Defendant fails to answer, Plaintiffs will file a Request for Entry of Default and then a Motion for Default Judgment. If Defendant does answer, Plaintiffs anticipate filing a Motion for Summary Judgment. Plaintiffs are not aware of any other potential motions at this time.

5. <u>Amendment of Pleadings</u>: Plaintiffs do not anticipate filing any amended pleadings at this time.

6. <u>Evidence Preservation</u>: As Defendant has not answered, the parties have not discussed any necessary steps taken to preserve relevant evidence.

7. <u>Disclosures</u>: Plaintiffs expect to make their initial disclosures if and when Defendant appears in this action.

8. <u>Discovery</u>: No discovery has been conducted. Pursuant to Fed. R. Civ. P. 26(f), Plaintiffs' proposed discovery plan, including Plaintiffs' views and proposals thereon, is as follows:

(a) Plaintiffs do not propose any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). Plaintiffs expect to make their initial disclosures if and when Defendant appears in this action.

(b) Plaintiffs are unaware at this time of the subjects on which discovery may be needed. Plaintiffs believe that since the requisite discovery, if any, in this case will be minimal, discovery should be completed quickly and should not be conducted in phases or be limited to or focused on particular issues.

(c) Plaintiffs do not foresee any issues about disclosure or discovery of electronically stored information.

(d) Plaintiffs are unaware at this time of any issues about claims of privilege or of protection as trial-preparation materials.

(e) Plaintiffs do not propose any changes be made in the limitations on discovery imposed under these rules or by local rule.

9. <u>Class Actions</u>: This case is not a class action.

10. <u>Related Cases</u>: Plaintiffs are not aware of any related cases or proceedings.

11. <u>Relief</u>: Plaintiffs seek money damages for unpaid and underpaid fringe benefit contributions owed pursuant to a collective bargaining agreement, in addition to prejudgment interest, liquidated damages and an award of attorney's fees. Plaintiffs currently estimate that Defendant owes at least $24,508.73 in unpaid contributions for the period of June 1, 2012 through November 30, 2012, as well as liquidated damages and additional collection costs, attorneys' fees and interest at the legal rate.

12. <u>Settlement and ADR</u>: As Defendant has not answered, the parties have yet to discuss or agree to an ADR process. Plaintiffs are amenable to a judicial settlement conference before a Magistrate Judge of the District Court.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Plaintiffs do not consent to a magistrate judge to conduct further proceedings.

14. <u>Other References</u>: Plaintiffs do not believe this case is suitable for reference to binding arbitration, a special master or multi-district litigation.

15. <u>Narrowing of Issues</u>: As Defendant has not answered, there has been no discussion between the parties regarding issues which can be narrowed. From Plaintiffs' perspective, the issue is clear: Defendant has failed to pay mandatory fringe benefit contributions. As a result, Defendants owe unpaid principal, liquidated damages, interest and collection costs including attorneys' fees.

16. <u>Expedited Schedule</u>: Plaintiffs do not believe there is a need for this case to proceed on an expedited basis. Plaintiffs expect the case will be resolved via either a Motion for Default Judgment or a Motion for Summary Judgment.

17. <u>Scheduling</u>: Plaintiffs believe setting pre-trial dates is premature. Further, as Plaintiffs believe the case will be resolved via a Motion for Default Judgment or a Motion for Summary Judgment, there is no need for a pre-trial schedule.

18. <u>Trial</u>: Plaintiffs believe the case will be resolved via a Motion for Default Judgment or a Motion for Summary Judgment and, as such, trial will not be necessary.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Plaintiffs have simultaneously with this statement, filed a certification stating that other than the named parties, Plaintiffs are not aware of any other interested entities or persons.

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 12-cv-5663 EMC

20. Plaintiffs believe that the above statement adequately all crucial issues in order that this action may be resolved.

Dated: January 31, 2013

Respectfully submitted,

NEYHART, ANDERSON,
FLYNN & GROSBOLL

By: _____
Eileen M. Bissen
Attorneys for Plaintiffs

IT IS SO ORDERED that the CMC is reset from 2/7/13 to 4/25/13 at 9:00 a.m. A joint CMC statement shall be filed by 4/18/13. Plaintiffs shall give notice to defendant.

_____
Edward M. Chen
United States District Judge

IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 12-cv-5663 EMC